**U.S. Department of Justice**

***Leah B. Foley***
*United States Attorney*
*District of Massachusetts*

*Main Reception: (617) 748-3100*

*John Joseph Moakley United States Courthouse*
*1 Courthouse Way*
*Suite 9200*
*Boston, Massachusetts 02210*

August 13, 2026

Barry S. Pollack, Esq.
Pollack Solomon Duffy LLP
31 St. James Avenue
Suite 830
Boston, Massachusetts 02110

Re: United States v. Marios Michalakis
Criminal No. 26cr10226

Dear Mr. Pollack:

The United States Attorney for the District of Massachusetts (the "U.S. Attorney") and your client, Marios Michalakis ("Defendant"), agree as follows, pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B):

1. Change of Plea

No later than September 11, 2026, Defendant will waive indictment and plead guilty to each of the counts of an Information that charges him with failure to collect and pay over taxes, in violation of 26 U.S.C. § 7202 (Counts 1 through 6). Defendant admits that Defendant committed the crimes specified in these counts and is in fact guilty of each one. Defendant also agrees to waive venue, to waive any applicable statute of limitations, and to waive any legal or procedural defects in the Information.

The U.S. Attorney agrees not to charge Defendant pursuant to 18 U.S.C. §§ 1343 and 1344 based on Defendant's conduct that is known to the U.S. Attorney at this time.

2. Penalties

On each of Counts 1 through 6, Defendant faces the following maximum penalties: incarceration for five years, supervised release for three years, a fine of $250,000 or twice the gain or loss to any person, a mandatory special assessment of $100, and restitution to the Internal Revenue Service.

Defendant understands that, if Defendant is not a United States citizen by birth, pleading guilty may affect Defendant's immigration status. Defendant agrees to plead guilty regardless of any potential immigration consequences, even if Defendant's plea results in being automatically removed from the United States.

3. Sentencing Guidelines

The parties agree based on the following calculations, that Defendant's total "offense level" under the Guidelines is 15:

Defendant's base offense level is 20, because Defendant's tax offenses, including relevant conduct, involved more than $550,000 and not more than $1,550,000 in loss (USSG §§ 2T1.6, 2T4.1(I)).

Defendant's offense level is decreased by 3 levels, because Defendant has accepted responsibility for Defendant's crimes (USSG § 3E1.1); and

Defendant's offense level is decreased by 2 levels, because Defendant has no criminal history points under the applicable Guidelines (USSG § 4C1.1).

If the adopted amendments to United States Sentencing Guideline § 2T4.1 ("Adopted Loss Table Amendment") become effective prior to Defendant's sentencing hearing, the United States will recommend that Defendant's offense level be reduced by two levels pursuant to that provision, because Defendant's conduct involved more than $550,000 but not more than $750,000 in loss. If the sentencing hearing occurs prior to November 1, 2026, the United States will recommend that Defendant receive a two-level downward variance pursuant to 18 U.S.C. § 3553(a) to account for the Adopted Loss Table Amendment; in exchange for this recommendation, Defendant agrees to not seek a further reduced sentence based on the Adopted Loss Table Amendment.

Defendant reserves the right to seek a departure or variance from the otherwise applicable Guidelines Sentencing Range.

Defendant understands that the Court is not required to follow this calculation or even to sentence Defendant within the Guidelines and that Defendant may not withdraw Defendant's guilty plea if Defendant disagrees with how the Court calculates the Guidelines or with the sentence the Court imposes.

Defendant also understands that the government will object to any reduction in Defendant's sentence based on acceptance of responsibility if: (a) at sentencing, Defendant (directly or through counsel) indicates that Defendant does not fully accept responsibility for having engaged in the conduct underlying each of the elements of the crimes to which Defendant is pleading guilty; or (b) by the time of sentencing, Defendant has committed a new federal or state offense, or has in any way obstructed justice.

If, after signing this Agreement, Defendant's criminal history score or Criminal History Category is reduced, the U.S. Attorney reserves the right to seek an upward departure under the Guidelines.

Nothing in this Plea Agreement affects the U.S. Attorney's obligation to provide the Court and the U.S. Probation Office with accurate and complete information regarding this case.

4. Sentence Recommendation

The U.S. Attorney agrees to recommend the following sentence to the Court:

a) incarceration at the low end of the Guidelines sentencing range as calculated by the parties, excluding departures;

b) a fine within the Guidelines sentencing range as calculated by the parties, excluding departures, unless the Court finds that Defendant is not able, and is not likely to become able, to pay a fine;

c) 36 months of supervised release;

d) a mandatory special assessment of $600, which Defendant must pay to the Clerk of the Court by the date of sentencing;

Pursuant to 18 U.S.C. § 3663(a)(3), the parties agree to recommend jointly that the Court order restitution, in an amount to be determined at sentencing, of not less than $515,815 to the Internal Revenue Service, not less than $69,143 to the Commonwealth of Massachusetts Department of Revenue, and not less than $1,920,209 to the Small Business Administration, less any restitution payment Defendant makes as required by the next paragraph.

Defendant agrees to pay $250,000 in restitution within 60 days of signing of this Agreement. Defendant agrees that his failure to make this $250,000 restitution payment would be a breach of this Agreement within the meaning of paragraph 8 below.

Defendant agrees that all criminal monetary penalties, including special assessment, restitution, forfeiture, and/or fine imposed shall be due and payable immediately, and further agrees that any Court-ordered repayment schedule does not preclude further enforcement or collection by the United States.

The parties agree to recommend jointly the following special condition of any term of supervised release or probation:

During the period of supervised release or probation, Defendant must, within six months of sentencing or release from custody, whichever is later:

a) cooperate with the Examination and Collection Divisions of the IRS;

b) provide to the Examination Division all financial information necessary to determine Defendant's prior tax liabilities;

c) provide to the Collection Division all financial information necessary to determine Defendant's ability to pay;

d) file accurate and complete tax returns for those years for which returns were not filed or for which inaccurate returns were filed; and

e) make a good faith effort to pay all delinquent and additional taxes, interest, and penalties.

5. Protection of Assets for Payment of Restitution, Forfeiture and Fine

Without the written approval of the U.S. Attorney, Defendant agrees not to transfer, or to cause or allow anyone else to transfer, (a) any asset restrained by the Court; or (b) any other asset in which Defendant has an interest.

The parties also agree, however, to the following exceptions to the above. Defendant is free to transfer, or to cause or allow others to transfer:

a) Assets subject to superior, secured interests of innocent third parties, in which Defendant has an equity interest of less than $10.000;

b) Ordinary living expenses, so long as such assets do not exceed $10,000 per month; and

c) Attorney's fees incurred in this criminal case.

The prohibitions in this paragraph remain in effect until Defendant has paid any fine or restitution ordered by the Court.

Defendant also agrees to complete, truthfully and accurately, the enclosed sworn financial statement within 15 days of signing this Agreement.

6. Waiver of Appellate Rights and Challenges to Conviction or Sentence

Defendant has the right to challenge Defendant's conviction and sentence on "direct appeal." This means that Defendant has the right to ask a higher court (the "appeals court") to look at what happened in this case and, if the appeals court finds that the trial court or the parties made certain mistakes, overturn Defendant's conviction or sentence. Also, in some instances, Defendant has the right to file a separate civil lawsuit claiming that serious mistakes were made in this case

and that Defendant's conviction or sentence should be overturned.

Defendant understands that Defendant has these rights, but now agrees to give them up. Specifically, Defendant agrees that:

a) Defendant will not challenge Defendant's conviction on direct appeal or in any other proceeding, including in a separate civil lawsuit; and

b) Defendant will not challenge Defendant's sentence, including any court orders related to forfeiture, restitution, fines or supervised release, on direct appeal or in any other proceeding, including in a separate civil lawsuit.

Defendant understands that, by agreeing to the above, Defendant is agreeing that Defendant's conviction and sentence will be final when the Court issues a written judgment after the sentencing hearing in this case. That is, after the Court issues a written judgment, Defendant will lose the right to appeal or otherwise challenge Defendant's conviction and sentence regardless of whether Defendant later changes Defendant's mind or finds new information that would have led Defendant not to agree to give up these rights in the first place.

Defendant is agreeing to give up these rights at least partly in exchange for concessions the U.S. Attorney is making in this Agreement.

The parties agree that, despite giving up these rights, Defendant keeps the right to later claim that Defendant's lawyer rendered ineffective assistance of counsel, or that the prosecutor or a member of law enforcement involved in the case engaged in misconduct serious enough to entitle Defendant to have Defendant's conviction or sentence overturned.

7. Civil Liability

This Plea Agreement does not affect any civil liability, including any tax liability, Defendant has incurred or may later incur due to Defendant's criminal conduct and guilty plea to the charges specified in Paragraph 1 of this Agreement.

8. Breach of Plea Agreement

Defendant understands that if Defendant breaches any provision of this Agreement, violates any condition of Defendant's pre-trial release or commits any crime following Defendant's execution of this Plea Agreement, Defendant cannot rely upon such conduct to withdraw Defendant's guilty plea. Defendant's conduct, however, would give the U.S. Attorney the right to be released from the U.S. Attorney's commitments under this Agreement, to pursue any charges that were, or are to be, dismissed under this Agreement, and to use against Defendant any of Defendant's statements, and any information or materials Defendant provided to the government during investigation or prosecution of Defendant's case—even if the parties had entered any earlier written or oral agreements or understandings about this issue.

Defendant also understands that if Defendant breaches any provision of this Agreement or engages in any of the aforementioned conduct, Defendant thereby waives any defenses based on the statute of limitations, constitutional protections against pre-indictment delay, and the Speedy Trial Act, that Defendant otherwise may have had to any charges based on conduct occurring before the date of this Agreement.

9. Who is Bound by Plea Agreement

This Agreement is only between Defendant and the U.S. Attorney for the District of Massachusetts. It does not bind the Attorney General of the United States or any other federal, state, or local prosecuting authorities.

10. Modifications to Plea Agreement

This Agreement can be modified or supplemented only in a written memorandum signed by both parties, or through proceedings in open court.

* * *

If this letter accurately reflects the agreement between the U.S. Attorney and Defendant, please have Defendant sign the Acknowledgment of Plea Agreement below. Please also sign below as Witness. Return the original of this letter to Assistant U.S. Attorney Victor A. Wild.

Sincerely,

LEAH B. FOLEY
United States Attorney

By: ______________________________
SETH B. KOSTO
Chief
Securities, Financial & Cyber Fraud Unit

______________________________
VICTOR A. WILD
Assistant U.S. Attorney

ACKNOWLEDGMENT OF PLEA AGREEMENT

I have read this letter and discussed it with my attorney. The letter accurately presents my agreement with the United States Attorney's Office for the District of Massachusetts. There are no unwritten agreements between me and the United States Attorney's Office, and no United States government official has made any unwritten promises or representations to me in connection with my guilty plea. I have received no prior offers to resolve this case.

I understand the crimes I am pleading guilty to, and the maximum penalties for those crimes. I have discussed the Sentencing Guidelines with my lawyer, and I understand the sentencing ranges that may apply.

I am satisfied with the legal representation my lawyer has given me, and we have had enough time to meet and discuss my case. We have discussed the charges against me, possible defenses I might have, the terms of this Agreement and whether I should go to trial.

I am entering into this Agreement freely and voluntarily and because I am in fact guilty of the offenses. I believe this Agreement is in my best interest.

Date: 8/15/2026

MARIOS MICHALAKIS
Defendant

I certify that Marios Michalakis has read this Agreement and that we have discussed what it means. I believe Marios Michalakis understands the Agreement and is entering into it freely, voluntarily, and knowingly. I also certify that the U.S. Attorney has not extended any other offers regarding a change of plea in this case.

Date: 8/17/26

Barry S. Pollack
BARRY S. POLLACK, ESQ.
Attorney for Marios Michalakis